JOHNSTON vs. KIRKLAND & AL.

APPEAL from the court of the sixth district.

MARTIN, J. delivered the opinion of the court. The plaintiff, executor, and instituted heir to his wife, states that Kirkland, grandfather, tutor and curator, to the testatrix, and her three sisters, on the decease of their parents, took possession of the estate, and administered it; that a partial partition took place in the life time of the testatrix, in which she drew a lot of inferior value, and her co-heirs became indebted to her for a sum of money equal to the difference in value of her share.

The prayer of the petition is, that a final settlement may take place, that the amount in Kirkland's hands, and the individual balance of the estate may be partitioned, and that the plaintiff may have his deceased wife's share.

Kirkland pleaded the general issue, averred

himself the forced heir of the testatrix, as her grand-father, that the will was void, not being made with the requisite formalities of law, that one of the testatrix's sisters died, and he became as her grand-father, entitled to her share of the estate, as she left no issue, nor father or mother.

Western Dis.
Oct. 1827.

JOHNSTON
vs.
KIRKLAND
& AL.

The other defendants, the testatrix's co-heirs, pleaded also the informality of the will, that according to the will of her great-grand-father, she could not dispose of the estate she derived from him.

The plaintiff had judgment, and the defendants appealed.

The appellee complains of the judgment, as it does not allow her interest in the property partitioned, it being land and slaves, which produce fruits.

We think the will was duly proved in the parish of Orleans, as she died there, and the will and testimony shew the principal part of the estate was in the state of Mississippi. The requisite formalities appear to have been complied with.

The new code recognizes the father and mother only, as the forced heirs in the ascending line—the former recognised as such all the ascendants; and it is contended that the two

Western Dis.
October.1827.

JOHNSTON
vs.
KIRKLAND
& AL.

provisions may stand together, and a repeal of the former provision cannot be presumed. Whatever may be the rule in ordinary legislation, we have evidence that in the formation of the new code, this presumption is destroyed. The jurists who proposed the amendments in their report proposed the substitution of the words *father and mother for one or several legitimate ascendants:* now it cannot be imagined, the legislature meant the two provisions should stand.

The will of the great-grand-father was made in South Carolina; it is not attended with the formalities required in this state to make a good will—and no evidence is produced of the law of South Carolina in this respect. It is a nuncupative will, and has but three witnesses.

The right of Kirkland to the estate of the deceased co-heir, was disallowed by the arbitrators to whom the case was submitted; this award became the judgment of the court in which the suit was pending, and the judgment has become *res judicata.*

The claim of the appellant to interest, though raised in argument, made no part of his answer to the petition of appeal.

On the merits, we think justice was com-

pletely done. It is therefore ordered, adjudg-
ed and decreed that the judgment be affirmed
with costs.

*Scott & Flint* for plaintiff, *C. T. Scott* for
defendants.